UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD KIMBALL, ET AL.,

          Plaintiffs,

v.

ORLANS & ASSOCIATES, P.C., ET AL.,

          Defendants.

_____/

Case No. 14-12861

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
[21, 23, 25, 30]; DENYING PLAINTIFFS' MOTION TO STRIKE [35]; AND DIRECTING
PLAINTIFFS TO SHOW CAUSE WHY THEIR CLAIMS AGAINST DEFENDANT
FENDRICH SHOULD NOT BE DISMISSED**

Plaintiffs allege that Defendants violated the Servicemembers Civil Relief

Act (SCRA) by foreclosing on the home Plaintiff Richard Kimball shared with the

other Plaintiffs (his wife, children, and grandchildren) while he was on active duty

in 2008. All defendants who have appeared in the case have filed Motions to

Dismiss and/or for Summary Judgment [21, 23, 25, 30]. The Court will treat these

dispositive motions as motions for summary judgment, since they rely on evidence

outside of the pleadings. Plaintiffs have filed a Motion to Strike [35] all of

1

Defendants' motions for summary judgment.   The Court held a hearing on all pending motions on September 18, 2015.

For the reasons stated below, Defendants' Motions for Summary Judgment [21, 23, 25, 30] are **GRANTED**.   Plaintiffs' Motion to Strike [35] is **DENIED**. Further, Plaintiffs are ordered to **SHOW CAUSE** in writing, within 14 days after entry of this Order, why their claims against Defendant Fendrich should not be dismissed for insufficient service of process.

## FACTUAL BACKGROUND

In July 2005, Plaintiffs Richard and Tracy Kimball obtained a mortgage loan secured by their home in Jackson, Michigan.   Defendant MortgageIT was the lender.   Defendant Mortgage Electronic Registration Systems (MERS) was the mortgagee.   Defendant MortgageIT claims that it assigned its interest in the loan to EMC Mortgage Corp. in August 2005.

In May 2006, Richard Kimball was ordered to active duty and deployed overseas.   Richard Kimball's deployment caused him and Tracy Kimball to default on their mortgage.   Their home was sold at a nonjudicial foreclosure sale on January 23, 2008.   At the time, Plaintiffs Christopher Kimball, Erica Kimball, Autumn Johnson, and Nicole Ballard (children of Richard and Tracy Kimball), as well as Plaintiffs "A.S." and "C.S." (grandchildren of Richard and Tracy Kimball)

2

lived in the home.  Due to demands following the foreclosure sale, Plaintiffs subsequently moved out of the home.

On May 13, 2011, Chase Home Finance, LLC executed a settlement agreement in a class action involving several SCRA claims, including a claim for foreclosure in violation of the SCRA.  *Rowles v. Chase Home Finance, LLC*, No. 9:10-cv-01756-MBS (D.S.C. May 13, 2011) (Joint Supplemental Submission Regarding Motion for Preliminary Approval of Class Action Settlement).  Richard and Tracy Kimball subsequently received a *Rowles* settlement notice, which notified them that they could opt out of the settlement online or by mail by October 23, 2011.  They did not opt out.  On January 10, 2012, Chief Judge Margaret Seymour of the United States District Court for the District of South Carolina entered an order approving the May 13, 2011 settlement agreement, dismissing the class's claims against Chase, and entering final judgment.  *Rowles v. Chase Home Finance, LLC*, No. 9:10-cv-01756-MBS (D.S.C. Jan. 10, 2012) (Final Approval Order).  On January 29, 2012, Richard and Tracy Kimball submitted a special claim form for consequential damages arising from Chase's alleged SCRA violations.  In support of the claim, Richard Kimball submitted a letter in which he stated that a mortgage company repossessed his home.  In a follow-up letter, he stated that "Chase took [his] home" after the mortgage was sold to "Chase/EMC

Mortgage Company."  Between March and October 2012, the Kimballs received and cashed four settlement fund checks totaling $35,100.

Plaintiffs filed the instant suit on July 22, 2014.  On October 8, 2014, Defendants MortgageIT, Deutsche Bank Trust Company, MIT Lending, and NB Lending (collectively "the MortgageIT Defendants") filed a Motion to Dismiss or for Summary Judgment [21].  On October 10, 2014, Defendant MERS filed its own such motion [23], as did Defendant Orlans & Associates [25].  On November 4, 2014, Defendants Fraser and Spicer filed their own Motion to Dismiss or for Summary Judgment [30].  On December 1, 2014, Plaintiffs filed a Motion to Strike [35].  The parties filed responses and replies concerning all of the motions.  After a hearing on September 18, 2015, the Court took the motions under advisement.

## ANALYSIS

If certain conditions are met, the SCRA prohibits foreclosure of a servicemember's real property within one year after the servicemember's period of service.  50 App. U.S.C. § 533.  Upon application to a court, the foreclosure protections of SCRA § 533 apply to a servicemember's dependent "if the dependent's ability to comply with a lease, contract, bailment, or other obligation

4

is materially affected by reason of the servicemember's military service."[1]  *Id.* §

538.  The SCRA provides a private right of action for "[a]ny person aggrieved by a

violation" of the Act, authorizing the recovery of "any appropriate equitable or

declaratory relief with respect to the violation" and "all other appropriate relief,

including monetary damages."  *Id.* §597a(a).  Plaintiffs are suing for damages

under § 597a, claiming Defendants foreclosed on their home in violation of § 533.

As a threshold matter, the Court holds that Plaintiffs Christopher Kimball,

Erica Kimball, Autumn Johnson, and Nicole Ballard (children of Richard and

Tracy Kimball), as well as Plaintiffs "A.S." and "C.S." (grandchildren of Richard

and Tracy Kimball) have no private right of action under the SCRA concerning the

challenged foreclosure.  These Dependent Plaintiffs argue that § 597a provides

them a private right of action because they were "aggrieved" by the foreclosure,

since the foreclosure resulted in the demands that led Richard and Tracy Kimball

to leave their home, taking the Dependent Plaintiffs with them.  However, the

Court interprets § 597a to provide a private right of action only to those persons

who are aggrieved by a violation of their own protection under the SCRA.  To

interpret it otherwise would render § 533 mostly or entirely redundant.

---

[1] The SCRA defines "dependent" to include a spouse, child, or "individual for
whom the servicemember provided more than one-half of the individual's support
for 180 days immediately preceding an application for relief under [the SCRA]."
*Id.* § 511(4).

Under the Court's interpretation of § 597a, the Dependent Plaintiffs have no private right of action. They have not established that they were protected from foreclosure as dependents under § 538, since they have not established that their ability to comply with an "obligation" was materially affected by Richard Kimball's service; as nonparties to the mortgage loan, they had no ability to comply with it regardless of his service. The foreclosure therefore could not have violated the Dependent Plaintiffs' own protection under the SCRA. Thus, they were not "aggrieved" by the foreclosure within the meaning of § 597a. Because § 597a does not provide the Dependent Plaintiffs a private right of action, all Defendants are entitled to summary judgment on their claims.

As explained below, the Court holds that Defendants are entitled to summary judgment on Richard and Tracy Kimball's claims as well. The Court assumes, without deciding, that the SCRA provides Tracy Kimball a private right of action.

## I.    The MortgageIT Defendants' Motion for Summary Judgment [21]

The MortgageIT Defendants argue that they were not involved in the foreclosure of Plaintiffs' home and therefore cannot be liable for it, regardless of whether it violated the SCRA. They concede that MortgageIT was the original lender on the home loan. However, they produce an affidavit executed by the Vice

President of Deutsche Bank (of which MortgageIT is a subsidiary) stating that, based on his review of MortgageIT records, MortgageIT assigned its interest in the loan to EMC Mortgage Corp. in August 2005. MERS has also produced a letter from MortgageIT to Plaintiffs, dated September 15, 2005, informing them that the servicing rights on their mortgage had been sold to EMC Mortgage Corp.

Plaintiffs have produced no evidence that the MortgageIT Defendants were responsible for the challenged foreclosure. Accordingly, the MortgageIT Defendants' Motion for Summary Judgment [21] is granted.

## II.    Defendant MERS's Motion for Summary Judgment [23]

MERS does not contest its responsibility for the foreclosure, though it claims it acted through an agent, Chase Home Finance, LLC. It argues that Richard and Tracy Kimball's claims against it are barred because they released all SCRA claims against its agent, Chase, pursuant to the class action settlement agreement in *Rowles*.

As a threshold matter, Plaintiffs argue that because the United States District Court for the District of South Carolina expressly retained jurisdiction to hear defenses based on the class action release, the defense should not be heard in this Court. Plaintiffs have neither requested transfer of their claims to the District of South Carolina nor explained how another court retaining jurisdiction over a

defense deprives this Court of jurisdiction. The Court considers the defense properly raised.

The Court holds that Richard and Tracy Kimball are estopped from denying that Chase foreclosed on their home and that they released their SCRA claims regarding the foreclosure against the "released parties" of the *Rowles* settlement agreement. "Judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by that same party in an earlier proceeding." *Pennycuff v. Fentress Cnty. Bd. of Educ.*, 404 F.3d 447, 452 (6th Cir. 2005) (quoting *Warda v. C.I.R.*, 15 F.3d 533, 538 (6th Cir. 1994)). A court should consider three factors when determining whether to apply judicial estoppel. *Id.* (citing *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). The first factor is whether the earlier and later positions are "clearly inconsistent." *Id.* (citing *New Hampshire*, 532 U.S. at 750). The second is "whether the party had successfully persuaded a court to accept his previous position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that the first or the second court was misled." *Id.* (quoting *New Hampshire*, 532 U.S. at 750) (internal quotation marks omitted). The Sixth Circuit has placed special emphasis on this second factor. *Id.* (citing *Warda*, 15 F.3d at 538). Finally, the court may

consider whether the party's assertion of the inconsistent position would result in an unfair advantage or detriment.  *Id.* (quoting *New Hampshire*, 532 U.S. at 751).

As explained above, Richard and Tracy Kimball declined to opt out of the *Rowles* class; submitted a claim for consequential damages arising from Chase's alleged SCRA violations, stating that Chase had taken their home; and accepted $35,000 from the settlement fund devoted to consequential damages.  They are therefore estopped from taking the inconsistent position, advanced by counsel for Richard Kimball at the hearing, that they did not release any SCRA foreclosure claims in *Rowles* because Chase was not involved in the foreclosure of their home. The Court's acceptance of that position would give rise to a perception that either this Court or the *Rowles* court had been misled.[2]

The Kimballs' release of their SCRA foreclosure claims against Chase, resulting in a final judgment of dismissal, bars their instant claims against MERS under the doctrine of claim preclusion or res judicata.  The Kimballs' only argument against the application of res judicata is that MERS was neither a party

---

[2] The Court also rejects another argument mentioned by counsel at the hearing: that Richard and Tracy Kimball did not release their claims pursuant to the *Rowles* settlement because the requirements of SCRA § 517 were not met.  Plaintiffs included a statement to that effect in the introductory section of their responsive brief, but presented no supporting argument.  The Court holds the argument forfeited for lack of proper development.  *See, e.g., Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 618 n.9 (6th Cir. 2014) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)).

to *Rowles* nor in privity with Chase with respect to it.  But "agency relationships may support a finding of privity, particularly as a means of supporting nonmutual claim preclusion."  18A Charles Alan Wright & Arthur R. Miller, et al., *Federal Practice & Procedure* § 4460 (2d ed.) (citing *John Street Leasehold, LLC v. Capital Management Resources, L.P.*, 283 F.3d 73, 75 (2d Cir. 2002) (holding that claim preclusion barred a wrongful foreclosure claim against defendants who acted as agents of the FDIC, since the plaintiff had previously sued the FDIC and lost and the FDIC was in privity with its agents)); *see also Yeiser v. GMAC Mortgage Corp.*, 535 F. Supp. 2d 413, 423 (S.D.N.Y. 2008) (holding that MERS was in privity with the loan servicer with respect to a challenged foreclosure).  The Kimballs have not disputed that MERS carried out the foreclosure only through an agent, and they are estopped from denying that the foreclosing agent was Chase.  The Court therefore holds that MERS was in privity with Chase and that the release and dismissal of the Kimballs' SCRA foreclosure claims against Chase bar the instant claims against MERS under the doctrine of res judicata.  Defendant MERS's Motion for Summary Judgment [23] is granted.

**III.    Defendant Orlans and Associates' Motion for Summary Judgment[25]; Defendants Spicer and Glaser's Motion for Summary Judgment [30]**

As explained above, Plaintiffs Richard and Tracy Kimball are estopped from denying that they were *Rowles* class members and that they released their SCRA

10

foreclosure claims against the "released parties" of the *Rowles* settlement agreement. The settlement agreement defined "released parties" to include Chase and (among others) Chase's agents, their respective agents, and their respective employees. Plaintiffs have not disputed that Defendant Orlans & Associates acted as an agent of Chase with respect to the foreclosure, and that Defendants Spicer and Glaser acted as agents of Orlans & Associates. Accordingly, these defendants are "released parties" under the settlement agreement; Richard and Tracy Kimball have released their instant claims against them. These defendants' Motions for Summary Judgment [25, 30] are granted.

## IV.   Plaintiffs' Motion to Strike [35]

The arguments in support of Plaintiffs' Motion to Strike are substantively no different from arguments raised by Plaintiffs in their response to the dispositive motions on the merits. Indeed, counsel for Richard Kimball, "C.S.," and "A.S." conceded this point at the hearing. As explained above, the Court finds the Defendants' Motions for Summary Judgment meritorious. Accordingly, Plaintiffs' Motion to Strike [35] is denied.

## V.   Plaintiffs' Claims Against Defendant Fendrich

The only remaining defendant who has not filed one of the instant dispositive motions is Defendant Lindsay Fendrich. The basis for Plaintiffs' claim

11

against Defendant Fendrich is unclear; their Complaint says nothing about her other than their belief that she is an individual residing in the Eastern District of Michigan.   Regardless, the record appears to include no proof of service of the Plaintiffs' Complaint on Defendant Fendrich.   The Court therefore directs Plaintiffs to submit a written response to the Court, within 14 days after entry of this Order, explaining why their claims against Defendant Fendrich should not be dismissed for insufficient service of process.   *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the MortgageIT Defendants' Motion for Summary Judgment [21] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant MERS's Motion for Summary Judgment [23] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Orlans and Associates' Motion for Summary Judgment [25] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Spicer and Glaser's Motion for Summary Judgment [30] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike [35] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs will submit a written response to the Court, within 14 days after entry of this Order, explaining why their claims against Defendant Fendrich should not be dismissed for insufficient service of process.

**SO ORDERED**.


                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
Dated:  September 28, 2015              Senior United States District Judge